United States District Court
Southern District of Texas
**ENTERED**
April 26, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRANSAMERICA ANNUITY SERVICE CORPORATION, § § § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-16-1426 |
| § | |
| SYMETRA LIFE INSURANCE COMPANY, A.M.Y. PROPERTY & CASUALTY INSURANCE COMPANY, FINSERV CASUALTY CORP., and LIQUIDATING MARKETING, LTD f/k/a RAPID SETTLEMENTS, LTD., § § § § § § § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendants Symetra Life Insurance Company and Symetra Assigned Benefits Services Company's Motion to Exclude Expert Testimony (Document No. 65), in which Defendants seek an Order "excluding from evidence any expert testimony of Stewart Feldman" on the basis that his opinions are not reliable, not supported by any facts or data, and not based on any reliable principles. In response to the motion, A.M.Y. Property & Casualty Insurance Company and Finserv Casualty Corp. rely, primarily, on the fact that Stewart Feldman was allowed to testify as business owner and non-retained expert for three days in a somewhat related case. They also argue that Feldman can and should be allowed to offer lay opinions in this case under the "business-owner exception."

Having considered the motion, the response, and the applicable rules of evidence, including both Rules 701 and 702, the Magistrate Judge RECOMMENDS that Symetra's Motion to Exclude (Document No. 65) be DENIED.

This is just one of many cases involving the same Defendants and their claims against each other related to structured settlement payments. Stewart Feldman is an owner of A.M.Y. Property & Casualty Insurance Company and Finserv Casualty Corp., he was designated by A.M.Y. as a non-retained expert in this case, and he prepared a 20 page non-retained expert report. That expert report comported with the requirements of FED. R. CIV. P. 26(a)(2)(C) for non-retained expert reports. In addition, Symetra deposed Feldman in this case, and cross-examined him during trial in a related case, *RSL-3B-IL, Ltd. v. Symetra Life Ins. Co., et al.*, Civil Action No. H-12-2708, about his opinions. Feldman's opinions in his non-retained expert report in this case are essentially the same opinions he offered at trial in the related case. Those opinions, about the commercial reasonableness of certain financial transactions, his business's practices, and the accepted standards in the structured settlements industry, were shown in the related case to be supported by sufficient documentation, as well as Mr. Feldman's business, accounting and legal education and background, and his experience in the structured settlements industry. *See* Feldman's Trial Testimony (Document No. 71-4). While Symetra complains that Mr. Feldman's opinions are not "reliable," it fails to point to any specific opinion that would be inadmissible under Rule 702 notwithstanding Mr. Feldman's admitted educational background, and his experience in the structured settlements industry. Moreover, as a business owner, Mr. Feldman's opinions are independently admissible under Rule 701 as lay opinions. *See Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) ("an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert"); *Williamson v. S.A. Gear Co., Inc.*, Case No. 15-CV-365-SMY-DGW, 2018 WL 1556281 (S.D. Ill. Mar. 29, 2018) ("Opinion testimony by a business owner or officer may be permitted without qualifying that witness as an expert because the testimony is

based on personal knowledge").

A proponent of expert testimony has the burden to show that the testimony is admissible. Here, based on the contents of A.M.Y. Property & Casualty Insurance Company and Finserv Casualty Corp.'s Response to Symetra's Motion to Exclude (Document No. 71), and the contents of Mr. Feldman's testimony in Civil Action No. H-12-2708 (Document No. 71-4), the Magistrate Judge concludes that A.M.Y. Property & Casualty Insurance Company and Finserv Casualty Corp. have met that burden. Symetra's Motion to Exclude (Document No. 65) should therefore be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 26th day of April, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE